WILLIAM J. GEDDES
Nevada Bar No. 6984
KRISTEN R. GEDDES
Nevada Bar No. 9027
THE GEDDES LAW FIRM, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
Email: Kristen@TheGeddesLawFirm.com
*Attorneys for Plaintiffs Ron Schreckengost and Elizabeth Walsh*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RON SCHRECKENGOST, an individual, and ELIZABETH WALSH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF NEVADA *ex rel*. the NEVADA DEPARTMENT OF CORRECTIONS; *et al.*<br><br>Defendants. | CASE NO: 3:19-cv-00659-MMD-CLB<br><br>**STIPULATED DISCOVERY PLAN**<br>**and**<br>**[PROPOSED] SCHEDULING ORDER**<br><br>**(SPECIAL SCHEDULING REVIEW REQUESTED)** |

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(f) and Local Rule of Practice for the U.S. District Court for the District of Nevada ("Local Rule") 26-1(a), the parties through their respective counsel, hereby submit the following proposed *Stipulated Discovery Plan and Scheduling Order*.

**I.      SPECIAL SCHEDULING REVIEW STATEMENT**

In compliance with Local Rule 26-1(a), the parties request an additional 90 days be added to the standard 180-day discovery period, and to the corresponding expert-disclosure, amended-pleading, and dispositive-motion deadlines. The Parties have requested a longer discovery period for the following reasons: (1) Plaintiff Schreckengost will seek to amend the amended complaint ("Complaint"), to allege subsequent events occurring after the amended pleading was filed on December 4, 2019—specifically his alleged constructive discharge—which will require additional procedural practice that will impact the deadlines of this case; (2) Plaintiffs Schreckengost and Walsh will seek to amend the

1

Complaint responsive to or relating to *Defendants' Motion to Dismiss* ("MTD") (ECF 008), for which Plaintiffs envision that Walsh would amend her NERC/EEOC charge and obtain a supplemental right-to-sue letter regarding the same, which will require additional time for procedural practice that will impact the deadlines of this case; (3) there are two plaintiffs in this case, which will increase the volume of discovery in this case, which is anticipated to require additional time to complete; (4) Defendants have filed a Motion to Dismiss Plaintiffs' First Amended Complaint (ECF 008) and a Motion to Sever (ECF 0020), and the Court's determination regarding the motions may affect the scope of this case, including the scope of discovery; (5) there is some uncertainty as to Court operations and the availability of the parties, counsel, and witnesses to interact and be available for in-person hearings and depositions given the state of the Coronavirus Disease (COVID 19), which uncertainty is noticed on the Court's website and Temporary General Order 2020-04, which advises the parties of exigent circumstances and temporary restrictions regarding court operations; and (6) the parties were scheduled to attend an Early Neutral Evaluation ("ENE") Conference on April 8, 2020 before honorable Magistrate Judge Robert A. McQuaid, Jr. (see ECF 010), which was vacated on March 19, 2020 (ECF 025). At such time the ENE is rescheduled, the parties may be required to perform early case-evaluation and preparation, which time might otherwise be allocated to conducting discovery, and similarly, the prospect of settling this case at the ENE Conference weighs in favor of deferring the more expensive aspects of discovery, such as taking depositions and retaining experts, for a brief period until after the ENE is conducted. This request for additional time is not made for any dilatory or improper purpose.

## II. EARLY CASE CONFERENCE AND INITIAL DISCLOSURES UNDER FED. R. CIV. P. 26(a)

A. **Early Case Conference**: Pursuant to Fed. R. Civ. P. 26(f) and Local Rule of Court 26-1(d), on Thursday, March 5, 2020, counsel for Plaintiffs, William J. Geddes, Esq. and Kristen R. Geddes, of The Geddes Law Firm, P.C. and counsel for Defendants, Senior Deputy Attorney General Brandon R. Price, of the Nevada Attorney General's Office, conducted an early-case-conference meeting to discuss the relevant issues for discovery, possible early resolution of the matter, and the *Proposed Discovery Plan and Scheduling Order*, contained herein.

The Geddes Law Firm, P.C.
8600 Technology Way, Suite 107
Reno, NV 89521
Phone 775-853-9455

**B.** **Initial Disclosures**: Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the parties will produce their initial disclosures within 14 days after the early-case conference, through and including March 19, 2020.

**C.** **Discovery and Areas of Discovery**: The parties agree that all discovery allowed under the Federal Rules of Civil Procedure, including by Rule 26(b), Rule 30, Rule 33, Rule 34, and Rule 36 should be permitted, such that the parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. The parties agree that in the event Defendants' Motion to Sever is granted, discovery conducted in this matter will not be duplicated in any subsequent action filed by Plaintiff Walsh. The parties anticipate the production of confidential documents and information in this litigation, and to facilitate that production, will be submitting a proposed *Stipulation and Protective Order Regarding Confidentiality for Confidential Documents Produced by the Parties in Litigation* ("*Protective Order*"), to cover the confidential materials specified therein.

**III.** **DISCOVERY PLAN**

The parties propose the following discovery plan:

**A**. **Discovery Cut-off Date**: The parties herein propose that the discovery period shall be 270 days from the date on which Defendants made their first appearance in this case, which first appearance was made by way of its *Motion to Dismiss*(ECF 008), filed on February 4, 2020 and propose that discovery must be commenced and completed no later than **Monday, November 2, 2020**[1];

**B**. **Amending the Pleadings and Adding Parties**: The parties herein propose that the

---

[1] The 270th day following February 4, 2020, falls on Saturday, October 31, 2020, but this deadline rolls over to the next Court business day, Monday, November 2, 2020, per Fed. R. Civ. P. 6.

3

parties shall have until **Tuesday, August 4, 2020** to file any motions to amend the pleadings to add parties. This deadline is 90 days prior to the proposed date for the close of discovery;

  **C.** **Fed. R. Civ. P. 26(a)(2) Disclosure of Experts**: The parties herein propose in accordance with Fed. R. Civ. P. 26(a)(2) and Local Rule 26—1(e)(3) that the disclosure of experts and their reports shall occur by **Thursday, September 3, 2020**, which is sixty (60) days before the proposed date for the close of discovery. The disclosure of rebuttal experts and their reports shall occur by **Monday, October 5, 2020**[2], which is thirty (30) days after the deadline to disclose direct experts;

  **D.** **Interim Status Report**: The parties propose that the parties shall file the interim status report no later than **Thursday, September 3, 2020**, which is 60 days before the close of discovery;

  **E.** **Dispositive Motions**: The parties herein propose that the parties shall have until **Wednesday, December 2, 2020**, to file dispositive motions, which is thirty (30) days after the proposed date for the close of discovery, pursuant to Local Rule 26-l(e)(4).

  **F.** **Joint Pretrial Order**: The parties herein propose that the parties will prepare a consolidated Joint Pre-Trial Order on or before **Monday, January 4, 2021**[3], which is not more than 30 days after the proposed deadline for filing dispositive motions in this case, pursuant to Local Rule 26-l(e)(5). However, if a dispositive motion is filed, the date for filing the Joint Pretrial Order shall be suspended until 30 days after the decision of the dispositive motions or further order of the Court pursuant to Local Rule 26-1(e)(5).

  **G.** **Extensions or Modifications of the Discovery Plan and Scheduling Order**: Local Rule 26-4 governs modifications or extensions of this *Discovery Plan and Scheduling Order*. Any stipulation or motion must be made no later than twenty-one (21) days before the deadline sought to be extended.

. . .

---

[2] Thirty days after September 3, 2020 will occur on Saturday, October 3, 2020. Pursuant to Fed. R. Civ. P. 6, this deadline rolls forward until the next court business day, which is the date cited here, Monday, October 5, 2020.

[3] Thirty days after December 2, 2020 will occur on Friday, January 1, 2020, which is a federal court holiday. Pursuant to Fed. R. Civ. P. 6, this deadline rolls forward until the next court business day, which is the date cited here, Monday, January 4, 2021.

**H.     Issues Regarding Discovery of Electronically Stored Information and Form of Production**: The parties anticipate that they will produce discovery in paper format, ".jpg"/".jpeg" or ".tiff" format (for pictures) or ".pdf" format, unless a party contends that the native format is required *e.g.*, for accompanying metadata evidence, in which case, the requesting party may request the information or document be produced in the native format. In the event of a dispute concerning the requested format, the parties will meet and confer on the matter, and if a dispute cannot be resolved, either or both parties will request a conference with the Court.

**I.     Alternative Dispute Resolution**: Pursuant to Local Rule 26-1 the parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes, including mediation, arbitration, and if applicable, early neutral arbitration. The parties herein certify that during their early case conference their counsel met and conferred about the possibility of an early mediation conference as a means for alternative dispute resolution of this case. This case is an employment-discrimination case, and it will proceed to an early-neutral-evaluation conference, which is a form of mediation.

**J.     Certification of Consideration of Trial by Magistrate Judge and the Short-Trial Program**: Pursuant to Local Rule 26-1 the parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(0) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013—01) (LR 26-1). The parties herein certify that during their early case conference their counsel considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program.

**K.     Presentation of Evidence in Electronic Format**: Local Rule 26-1 requires the parties to certify that that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties herein certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties stipulate that they may provide evidence in electronic format, compatible with the court's electronic jury evidence display system, including for use by the jury in deliberations. The parties agree to enter

. . .

. . .

5

stipulations regarding the presentation of evidence prior to the filing of the Joint Pretrial Order.

Dated this <u>19th</u> Day of March.

                                  THE GEDDES LAW FIRM, P.C.

*[signature]*

WILLIAM J. GEDDES
Nevada Bar Number 6984
The Geddes Law Firm, P.C.
8600 Technology Way, Suite 107
Reno, Nevada 89521
(775) 853-9455
*Attorneys for Plaintiffs Ron Schreckengost and Elizabeth Walsh*

Dated this <u>19th</u> Day of March.

                                  AARON D. FORD
Nevada Attorney General

*Electronic Signature Authorized*

/s/ Brandon R. Price
BRANDON R. PRICE
Senior Deputy Attorney General
Nevada Bar No. 11686
SCOTT H. HUSBANDS
Deputy Attorney General
Nevada Bar No. 11398
State of Nevada
Office of the Attorney General
5420 Kietzke Lane, Suite 202
Reno, NV 89511
(775) 687-2121 (phone)
*Attorneys for Defendants, State of Nevada ex rel. its Department of Corrections and Perry Russell*

**ORDER**

Dated: March 23, 2020                      IT IS SO ORDERED

*[signature]*

UNITED STATES MAGISTRATE JUDGE