1  WILLIAM J. GEDDES
   Nevada Bar No. 6984
2  KRISTEN R. GEDDES
   Nevada Bar No. 9027
3  THE GEDDES LAW FIRM, P.C.
   8600 Technology Way, Suite 107
4  Reno, Nevada 89521
   Phone: (775) 853-9455
5  Fax: (775) 299-5337
   Email: Will@TheGeddesLawFirm.com
6  *Attorneys for Plaintiffs Ron Schreckengost and Elizabeth Walsh*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RON SCHRECKENGOST, an individual, and ELIZABETH WALSH, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>THE STATE OF NEVADA *ex rel.* the NEVADA DEPARTMENT OF CORRECTIONS; and PERRY RUSSELL, an individual.<br><br>Defendants. | CASE NO: 3:19-cv-00659-MMD-CLB<br><br>**[Proposed]**<br><br>**STIPULATED PROTECTIVE ORDER**<br>**Regarding**<br><br>**CONFIDENTIALITY OF DOCUMENTS PRODUCED IN LITIGATION** |

Plaintiffs, RON SCHRECKENGOST and ELIZABETH WALSH, and Defendants, STATE OF NEVADA *ex rel.* its DEPARTMENT OF CORRECTIONS and PERRY RUSSELL, by and through their respective counsel, and pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(c) hereby stipulate to the following terms of this Stipulated Protective Order.

**I.    RECITALS**

WHEREAS: the parties to the above-captioned litigation anticipate that discovery will require the parties to disclose records and information that are confidential and sensitive, including, but not limited to, the parties' private employment records and private medical records; and

WHEREAS: the parties seek to protect and prevent the improper dissemination of such confidential and private records and information to third parties, during the course of litigation and after the litigation has ended;

1

## II. **STIPLUATION**

THEREFORE: the parties, by and through their respective counsel of record, hereby stipulate and request the Court issue an Order ("*Stipulated Protective Order*"), protecting the confidential nature of certain records and information as may be produced during the course of the above-captioned matters, as follows:

1. If any person or entity, whether or not a party to the instant action, produces or receives answers to interrogatories, or documents or other things, which the producing or receiving person or entity considers in good faith to be "Confidential Information," as defined in § II(3)(A)(I) *infra*; or

2. If there is deposition testimony which any person or entity, whether or not a party to the instant action, believes in good faith will contain "Confidential Information," as defined in § II(3)(A)(I) *infra*; or

3. Third parties produce information which the third-parties assert in good faith is confidential, the following procedure shall govern pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26 (c) *et. seq*.:

    A. Any documents (and the contents thereof), things or information falling within the definition of "Confidential Information," set forth in § II(3)(A)(I) *infra*, that are produced may be designated and marked, in whole or in part, without regard to whether redactions are made, "Confidential" by the party producing the documents or information, at the time the documents are delivered to or made available for inspection by any party;

        I. "Confidential Information" is defined herein as: (a) employment or personnel information of any current employees or former employees of any party; (b) information concerning the discipline and/or termination of non-party employees and former employees; (c) information concerning the corrective action, disciplinary action, and/or termination of the parties; (d) information concerning applications, ratings, and decisions made by NDOC regarding promotions and hiring of employees; information that could potentially violate or endanger the security of NDOC institutions and facilities, including, but not limited to, video surveillance, photographs, post orders, operational procedures, and other policies or regulations; (e) the production of information or documents proprietary to any party, including by way of example and not limitation, tax records,

2

financial statements; (f) other private information of any party or non-party to the present litigation, including consumer records, *e.g.*, phone bills; (g) financial records and business records of any person or entity, whether a party or non-party to the present litigation; and (h) medical records, including medical bills and psychological records, and medical information of any person, whether a party or non-party to the present litigation; (i) information deemed confidential pursuant to NAC 284.718.

        B.     If a party produces to another party items that contain Confidential Information as defined above, that party may designate one or more documents, or a portion of a document, as "Confidential" before producing that document to the other party. Such designation shall be made by marking, stamping or typing the word "Confidential" on each page of the document at the time it is produced to the receiving party's counsel;

        C.     Any party may designate deposition testimony as "Confidential" by orally making such a designation on the record either at the commencement of the deposition, at the time the testimony is given, and/or before the end of that day's questioning. Following such a designation, the court reporter shall mark "Confidential" on the transcript or the portion thereof containing the "Confidential" testimony;

        D.     Documents or items produced by one party may be designated "Confidential" by the other party, *i.e.*, the receiving party, by:

           I.     marking the document, in whole or in part, "Confidential" in the same manner as stated above; and

           II.     then forwarding a copy of the marked document back to the producing party;

        E.     In this regard, the receiving party seeking the "Confidential" designation may designate, by number, each document it believes should be "Confidential";

        F.     If the receiving party has no objection to the "Confidential" designation made by the producing party, the receiving party may either expressly notify the producing party or allow the ten calendar-day objection period (set forth below) to lapse. Where there has been no written objection made, once a document or item has been produced and designated as provided herein to the receiving party, the document or item shall be treated as "Confidential," respectively, pursuant to this *Stipulated*

3

*Protective Order*, until further order of the Court;

4. The following protocol shall apply in the event of an objection to a designation of "Confidential":

    A. If there is an objection to the "Confidential" designation, the party so objecting must notify the other party in writing of both the objection and the grounds prior to the close of discovery, and the procedure in § II(4)(B) *infra*, shall apply;

    B. If the parties do not agree that the documents, information or testimony should be treated as confidential, the parties shall attempt to resolve the issue by meeting and conferring. If a resolution does not occur, either party may file a motion with the Court to resolve the dispute. Such motion must be filed within 30 calendar days of receipt of the written objection to the designation, unless stipulated otherwise by counsel. If an objection has been raised, the documents, testimony and/or information at issue shall be governed by § II (3)(A)-(F), inclusive, of this *Stipulated Protective Order*, and treated and regarded as "Confidential" from the date of disclosure and/or production until the dispute is resolved informally by the parties or a final order is issued by the Court resolving the dispute. In the event of such motion, the parties having entered into this *Stipulation* and the existence of the Court's *Order* entered thereon shall not affect the burden of proof on any such motion, nor impose any burdens upon any party that would not exist had this *Stipulated Protective Order* not been entered;

5. A document or testimony, or portion, summary, or abstract thereof, that is to be treated "Confidential" pursuant to this *Stipulated Protective Order* shall not be disclosed to any persons other than the parties, counsel of record for the parties, attorneys, legal assistants and clerical personnel employed by them, and other persons to whom disclosure is necessary for the purposes of this litigation. (This allows disclosure to the officers, directors, employees or former employees of the parties, persons requested by counsel for any party to furnish technical or expert service or to give expert testimony with regard to the subject matter of the document(s), item(s) or expert testimony for the trial of this action). However, each such person to whom a party makes such disclosure shall read this *Stipulated Protective Order* and acknowledge in writing that he/she is fully familiar with the terms hereof and agrees to comply with, and be bound by, this *Stipulated Protective Order* until modified by

either further order of the Court or agreement of all the affected parties;

6. Anyone seeking to file any "Confidential" documents, testimony, or information or any pleadings or memorandum purporting to reproduce or paraphrase all or any portion of such confidential material with this Court must first attempt to make such filings confidentially, by seeking to obtain prior leave of Court for filing the same under seal and shall be filed consistent with Local Rule IA 10-5 and the Court's electronic filing procedures in accordance with Nevada's Policy for Handling Filed, Lodged and Presumptively Confidential Documents. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in Court. *See Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). NOTE: If the document is filed electronically, the appropriate protocol for that purpose will be utilized;

Further, pursuant to Local Rule IA 10-5(d), documents filed under seal in this case must be served in accordance with Local Rule IC 4-1(c).

7. If such application for leave of Court to file any document(s) under seal is denied, then the party who sought leave will be relieved, in that instance only, and only as to such documents for which leave of Court was denied, from complying with this stipulation in relation to that filing;

8. Any documents, testimony, and/or information that has been rendered "Confidential" under the parties' *Stipulated Protective Order* is to be used only in the above-captioned action, and may not be used in any other action or for any other purpose unless the party seeking to make such use has acquired the documents, testimony, and/or information from a source independent of the above-captioned action;

9. Within 45 calendar days of the entry of the final order concluding this judicial proceeding, all "Confidential" documents or things; any copies, summaries, and abstracts thereof; or notes relating thereto, shall be returned to the producing party or destroyed by the receiving party (including by being shredded), at the option of the receiving party, except as otherwise ordered by the Court or stipulated in writing by the parties. Counsel of record shall obtain return of such information, things, and/or documents from any person to whom that counsel has made available the documents or information produced by the other party designated as "Confidential." Notwithstanding any other

5

language contained in this *Order*, each party's counsel of record shall be allowed to retain for its files a copy of all pleadings, motions, exhibits, or other papers filed and/or lodged with the Court, and of all documents designated by both parties or any non-party as "Confidential" and/or summaries or abstracts thereof (including but not limited to documents of any type prepared by a party and/or counsel that are subject to the attorney-client privilege and/or the attorney work-product doctrine). All such documents and information retained by counsel of record must be maintained in a confidential manner and used only in accordance with this *Order*.

10. In the event that any confidential information is used in any pretrial Court proceeding in this action, it shall not lose its confidential status throughout such use. The party using such confidential information shall take all reasonable steps to maintain its confidentiality during such use, including, without limitation, requesting that the Court seal any transcript with respect to such proceeding.

11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents or information at trial.

12. Nothing herein shall be deemed to waive any applicable privilege under federal or state law, or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work protection.

Inadvertent production of documents subject to work-product doctrine, attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall, upon discovery of such inadvertent production, promptly notify the receiving party, in writing, of such inadvertent production. In the event of such an inadvertent production, if the receiving party disputes the privileged nature or required return of the material, the parties shall confer in good faith to resolve the dispute. If the dispute cannot be resolved, the party seeking return of the alleged privileged material shall file an appropriate motion seeking their return with the Court.

The inadvertent failure of a Producing Party to designate discovery materials as Confidential Information shall not be deemed, by itself, to be a waiver of the party's or non-party's rights to so designate such discovery materials. Immediately upon learning of any such inadvertent failure, the

Producing Party shall notify all receiving parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it. However, disclosure by a Receiving Party of such discovery materials to any other person prior to the designation of discovery materials in accordance with this paragraph shall not violate the terms of this Stipulation and Order.

13. All reasonable efforts shall be made by counsel of record to limit disclosure of confidential information to the minimum number of persons necessary to conduct this action.

14. Persons receiving confidential information shall maintain all confidential information in a secure location.

15. This *Stipulated Protective Order* may be amended, without prior leave of the Court, by the agreement of counsel for the parties in the form of a stipulation and order that shall be filed in this case. Nothing herein shall be construed so as to prevent any party from seeking relief from this *Order* at any time; and

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

16. The parties reserve their rights to assert the confidentiality of documents and information produced irrespective of their production pursuant to this *Stipulated Protective Order*.

Dated: March 23, 2020

THE GEDDES LAW FIRM, P.C.

*[signature]*

WILLIAM J. GEDDES
Nevada Bar No. 6984
8600 Technology Way, Suite 107
Reno, Nevada 89521
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
*Attorneys for Plaintiffs Ron Schreckengost and Elizabeth Walsh*

Dated: March 23, 2020

AARON D. FORD
NEVADA ATTORNEY GENERAL

*Electronic Signature Authorized*

/s/ Brandon R. Price

BRANDON R. PRICE
Senior Deputy Attorney General
Nevada Bar No. 11686
SCOTT H. HUSBANDS
Deputy Attorney General
Nevada Bar No. 11398
5420 Kietzke Lane, Suite 202
Reno, NV 89511
Telephone: (775) 687-2121
Facsimile: (775) 688-1822
Email: brice@ag.nv.gov
    shusbands@ag.nv.gov
*Attorneys for Defendants State of Nevada ex rel. its Department of Corrections and Perry Russell*

**ORDER**

THE COURT, having considered the preceding *Stipulation* and good cause appearing therefor, HEREBY GRANTS the relief and protections requested therein. IT IS HEREBY ORDERED that the preceding *Stipulation* and this *Stipulated Protective Order* shall be and remain in effect, as stipulated therein.

**IT IS SO ORDERED.**

DATED: March 23, 2020

_____
**UNITED STATES MAGISTRATE JUDGE**