UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RON SCHRECKENGOST, *et al.*, | Case No. 3:19-cv-00659-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| THE STATE OF NEVADA, *ex rel.* THE NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

This is an employment discrimination case arising under the Americans with Disabilities Act, as amended ("ADA"), the Family Medical Leave Act ("FMLA"), the Rehabilitation Act of 1973, Title VII of the Civil Rights Act of 1964, and Nevada Revised Statutes. (ECF Nos. 1, 3.) The following motions are presently before the Court: (1) Defendants the State of Nevada *ex rel* the Nevada Department of Corrections ("NDOC") and Perry Russell's motion to dismiss (ECF No. 8); (2) Defendants' motion to sever (ECF No. 20) and related motion for leave to file exhibit under seal (ECF No. 41); (3) Plaintiffs Ron Schreckengost and Elizabeth Walsh's motion to amend/correct their first amended complaint ("FAC") (ECF No. 34); and (4) Plaintiffs' motions for leave to file supplemental authorities in support of their opposition to Defendants' motion to dismiss (ECF Nos. 35, 54).[1] For the reasons below, the Court denies Defendants' motion to sever, grants Plaintiffs' motion to amend and Defendants' motion for leave to file under seal, and denies all other motions as moot.

///

///

---

[1] In addition to the various motions, the Court has considered the accompanying briefing (ECF Nos. 8, 21, 27, 34-1, 37, 38, 42, 43, 44, 45, 48, 50, 50-1, 51, 53).

## II. BACKGROUND

The following relevant facts are taken from the FAC, unless noted otherwise.

At nearly all times relevant to this action and relative to their claims, Plaintiffs were Associate Wardens at NDOC at Warm Springs Correctional Center ("WSCC").[2] (ECF No. 3 at 1.) Schreckengost worked at WSCC while Walsh worked at Northern Nevada Correctional Center ("NNCC") after they effectively switched places upon being simultaneously transferred in January 2018. (*Id.* at 1–2, 4.)

Plaintiffs filed their original complaint on October 30, 2019 (ECF No. 1). Without having served the original complaint on Defendants, Plaintiffs filed the FAC on December 4, 2019 (ECF No. 3), which was then served on Defendants (ECF Nos. 4, 5). In the 78 page-FAC, Plaintiffs cumulatively assert sixteen claims for relief—with Schreckengost asserting nine claims and Walsh alleging the remainder. (*See generally* ECF No. 3.)

Schreckengost specifically alleges: (1) discrimination in violation of the ADA, as amended, against NDOC (first claim for relief); (2) hostile work environment under the ADA against NDOC (second claim for relief); (3) interference with rights exercised under the FMLA against NDOC and Russell (third claim for relief); (4) FMLA retaliation against NDOC and Russell (fourth claim for relief); (5) hostile work environment under Section 504 of the Rehabilitation Act against NDOC and Russell (fifth claim for relief); (6) retaliation under Section 504 of the Rehabilitation Act against NDOC (sixth claim for relief); (7) retaliation under Title VII of the Civil Rights Act of 1964 against NDOC and Russell (seventh claim for relief); (8) disability discrimination in violation of Nevada law against NDOC (thirteenth claim for relief); and (9) retaliation under Nevada law against NDOC and Russell (fourteenth claim for relief). (*Id.*) Walsh asserts: (1) quid pro quo sexual harassment under Title VII against NDOC (eighth claim for relief); (2) hostile work environment under Title VII against NDOC (ninth claim for relief); (3) failure to promote based on gender under Title VII against NDOC (tenth claim for relief); (4) gender

///

---

[2]In the motion to amend Plaintiffs reveal that Schreckengost is no longer employed with NDOC per his alleged constructive discharge. (*See* ECF No. 34 at 2.)

discrimination based on unlawful terms and conditions of employment under Title VII against NDOC (eleventh claim for relief); (5) retaliation under Title VII against NDOC—but also specifically alleging retaliatory conduct by Russell (twelfth claim for relief); (6) sex discrimination under Nevada law against NDOC (fifteenth claim for relief); and (7) retaliation under Nevada law against NDOC (sixteenth claim for relief). (*Id.*) The deadline to amend pleadings under the scheduling order for this case ends August 4, 2020. (ECF No. 29 at 4.)

Defendants filed a motion to dismiss the FAC on February 4, 2020, after receiving a 30-day extension of time to file an answer or otherwise respond to the pleadings. (ECF Nos. 6, 7.) Defendants later filed a motion to sever Walsh as a Plaintiff. (ECF No. 20) Plaintiffs thereafter moved to amend the FAC (ECF No. 34) accompanied by a proposed second amended complaint ("SAC") (ECF No. 34-1). The motion to amend seeks to revise the FAC to clearly add a theory of constructive discharge and to bolster the factual allegations in Plaintiffs' pleadings to address issues Defendants raise in the FAC. (*See generally* ECF No. 34.) The parties subsequently filed other ancillary motions (ECF Nos. 35, 41, 54).

**III.    MOTION TO SEVER (ECF NO. 20)**

Defendants ask the Court to sever Walsh as a Plaintiff to this action under Federal Rule of Civil Procedure 21 based on the claims asserted in the FAC and to dismiss her case without prejudice. (*E.g.*, ECF No. 20 at 2.) Defendants argue that Plaintiffs' claims are not sufficiently related to be joined and that it would, *inter alia*, be unfairly prejudicial to Defendants if Plaintiffs' claims were to proceed in one case. The Court will deny the request.

**A.    Legal Framework**

Under Rule 20 of the Federal Rules of Civil Procedure governing joinder, persons may join in one action as plaintiffs if: "(A) they assert any right to relief, jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all

plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (same). Additionally, under Rule 21, "the court may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." Fed. R. Civ. P. 21. Severance under Rule 21 is not limited solely to curing misjoinder of parties, given that the rule explicitly provides that the court may sever "any" claim against a party. *See, e.g.*, *Safeco Ins. Co. of America v. White House, Tenn.*, 36 F.3d 540, 545–46 (6th Cir. 1994); *United States v. O'Neil*, 709 F.2d 361, 369 (5th Cir. 1983); *see also* 7 C. Wright, *et al.*, Federal Practice & Procedure: Civil § 1682, at 474 (3d ed. 2001) ("The application of Rule 21 has not been limited to cases in which parties were erroneously omitted from the action or technically misjoined contrary to one of the party joinder provisions in the federal rules.").

District courts have discretion in determining whether to drop a party. *See Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015) (reviewing the district court's decision to sever under Rule 21 for abuse of discretion). A court may, in its discretion, join or sever claims even where the permissive joinder standard is met in the interests of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness. *E.g.*, *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521–22 (5th Cir. 2010); *cf. Coleman*, 232 F.3d at 1296 (even when the requirements for permissive joinder under Rule 20(a) are met, a district court must examine whether joinder would comport with principles of fundamental fairness or would result in prejudice to either side). Further, misjoinder alone 'is not a ground for dismissing an action.' *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870–71 (9th Cir. 2013) (quoting Fed. R. Civ. P. 21).

**B.     Discussion**

Defendants specifically argue that neither of the two technical requirements for joinder under Rule 20(a)—that Plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions or occurrences *and* share common questions of law or fact—are met here. (ECF No. 20 at 5–7; ECF No. 42 at 4–12.) These contentions are grounded on the fact that Walsh's claims are largely rooted in gender discrimination and

4

sexual harassment while Schreckengost's claims are chiefly based on disability discrimination and allegations concerning his and his wife's medical conditions. (*Id.*; *see also generally* ECF No. 3.) Plaintiffs counter that their respective Title VII claims under the statute's antiretaliation provision, 42 U.S.C. § 2000e-3, are of sufficient relatedness such that they share common issues of law and fact to warrant denial of the motion to sever despite each also asserting discrete non-Title VII claims. (ECF No. 37 at 9–17.) The Court agrees with Plaintiffs.

While Plaintiffs each allege various other claims of non-Title VII discrimination, the rule regarding permissive joinder "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). "[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Plaintiffs have alleged sufficient facts to support a conclusion that their Title VII retaliation claims meet the arise out of the same transaction or series of transactions requirement of Rule 20(a)(1)(A). "There is no bright-line definition of 'transaction,' 'occurrence,' or 'series.' Instead, courts assess the facts of each case individually to determine whether joinder is sensible in light of the underlying policies of permissive party joinder." *Walker v. Bryson*, No. 1:11-CV-01195-AWI, 2012 WL 5186658, at *4 (E.D. Cal. Oct. 16, 2012) (citing *Coughlin v. Rogers,* 130 F.3d 1348, 1350 (9th Cir. 1997)). "'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their *logical relationship.*" *Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974).

Here, in their Title VII retaliation claims both Plaintiffs assert allegations of retaliation involving the same warden of WSCC, Defendant Russell, for alleged retaliatory conduct that occurred while both worked at WSCC. (*See* ECF No. 3 at 2–3, 43–48, 57–

60.) Walsh's Title VII retaliation claim is precisely based on retaliatory conduct that she claims stem from resisting and rejecting NDOC Deputy Director Harold Wickham's sexual advances and quid-pro-quo proposition and her complaints and grievance regarding sex discrimination against NDOC, Wickham, and Russell for which she suffered retaliation, including by Russell. (*See, e.g.*, *id.* at 57–60.) Schreckengost's Title VII retaliation claim is based on alleged retaliatory conduct stemming from, *inter alia*, his participating with the State of Nevada's HR[3,4] in its investigation of Walsh's sex discrimination claim and because Russell knew Schreckengost was friends with Walsh and feared that Schreckengost would participate in the investigation of Walsh's discrimination claim. (*See, e.g.*, ECF No 3 at 2–3, 15, 43–44, 46.) Underpinning both Plaintiffs' retaliation claims then is Walsh's allegations of sex discrimination and harassment. (*See id.*) Further, as noted, both allege retaliatory conduct by Russell while employed at WSCC. Although Plaintiffs did not work at WSCC at the same time, they were effectively transferred in each other's stead—Walsh transferred from WSCC to NNCC simultaneously with Schreckengost's transfer from NNCC to WSCC in January 2018 (*see* ECF No. 3 at 4). The Court concludes that these are sufficient operative facts of logical transactional relatedness. *See, e.g.*, *Walker*, 2012 WL 5186658, at *4 ("Although there might be different occurrences, where

///

---

[3]In their reply in support of their motion to sever (ECF No. 42)—which is accompanied by a motion to file the relevant investigation report under seal (ECF Nos. 41, 43)—Defendants argue that Schreckengost did not participate in Walsh's sexual harassment investigation (*see, e.g.*, ECF No. 42 at 4). Schreckengost argues, supported by a declaration under penalty of perjury (ECF Nos. 50, 50-1), that he in fact participated in the investigation although the same is not reflected on the investigation report. Whether Schreckengost participated in the investigation is therefore in dispute making it an undetermined matter at this juncture. Further, at this stage, the Court will default to Schreckengost's allegations which are asserted in the FAC and not otherwise foreclosed by the investigation report alone in light of Schreckengost's sworn declaration.

[4]Defendants also move for leave to file the investigation report under seal (*see* ECF Nos. 41, 53). Plaintiff does not oppose the filing under seal, albeit challenging the reason for which the report is offered (*see* ECF Nos. 50, 50-1). The Court finds that Defendants have established "good cause"—*inter alia*, to safeguard the integrity of sexual harassment investigations and protecting the witness—Walsh—and accused—Wickham (*see* ECF No. 41)—to warrant sealing of the report in the context of a non-dispositive motion, under " *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court will therefore grant the motion for leave to file ECF No. 43 under seal.

the claims involve enough related operative facts, joinder in a single case may be appropriate.") (citation omitted).

By extension, Plaintiffs' Title VII claims share common questions of law and fact to meet Rule 20(a)(1)(B)'s requirement. The Rule plainly requires only a single question of law or fact.  Fed. R. Civ. P. 20(a)(1)(B) (stating "any question of law or fact common to . . ."); *see also Walker*, 2012 WL 5186658, at *4 ("The Rule requires only a single common question, not multiple common questions."). "The common question may be one of fact or of law and need not be the most important or predominant issue in the litigation." *Walker*, 2012 WL 5186658, at *4 (citation omitted). One obvious common question relevant to both Plaintiffs' retaliation claims is whether any of Russell's alleged retaliatory conduct against both Plaintiffs is in fact connected to Walsh's claims of sexual discrimination and harassment. This is sufficient to meet Rule 20's second requirement.

Defendants otherwise argue that keeping Plaintiffs' claims together would result in substantial prejudice to them—based on potential jury bias—and will confuse the jury on the issues at trial while severance would not cause substantial prejudice to Plaintiffs. (ECF No. 20 at 9.)[5] The Court need not consider the latter, given that the Court has concluded that joining Plaintiffs' claims together is appropriate under Rule 20. Moreover, Defendants' concern of prejudice and confusion regarding the jury—which is largely speculative as to this case—may be addressed or rectified by curative jury instructions. Further, Plaintiffs argue (ECF No. 37 at 17) and the Court agrees, that keeping their claims together would be more economical than severing the claims. Plaintiffs' claims are overlapping to the extent that both Russell and Wickham will likely be called to testify in relation to both their claims. At minimum for these reasons, judicial economy and efficiency support keeping their claims together in one lawsuit instead of having two separate suits with all the attendant resources that such would require.

///

---

[5] In the motion to sever, Defendants also conclusory state that allowing Plaintiffs to continue in one lawsuit would complicate discovery by making discovery less efficient for Defendants. (ECF No. 20 at 9.) While Defendants extrapolated upon this argument in their reply (ECF No. 42 at 13), the Court finds it unpersuasive.

For these reasons, the Court concludes that severance of Plaintiffs' claims is not warranted here. The Court will therefore deny Defendants' motion to sever.

**IV.    MOTION TO DISMISS (ECF NO. 8) AND MOTION TO AMEND FAC (ECF NO. 34)**

Defendants seek to dismiss all of Plaintiffs' claims as asserted in the FAC, arguing, *inter alia*: (1) certain claims are barred by sovereign immunity; (2) claims have not been administratively exhausted; (3) others are barred by the applicable statute of limitations; and (4) Plaintiffs' claims are not legally and factually cognizable under pleading standards. (*See generally* ECF No. 8.) Nonetheless, for the reasons below, the Court will grant Plaintiffs' motion to amend/correct the FAC and to file their SAC as the operative complaint. (*See* ECF Nos. 34, 34-1). The motion to dismiss and ancillary motions (ECF Nos. 8, 35 (motion for leave to file supplemental authority), 54 (motion for leave to file supplemental authority)) are therefore denied as moot.[6]

Rule 15 of the Federal Rules of Civil Procedure allows amendment only by leave of the court once responsive pleadings have been filed and in the absence of the adverse party's written consent. *See* Fed. R. Civ. P. 15(a). The Court has discretion to grant leave and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). "In exercising its discretion, 'a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton ("DCD")*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Nonetheless, the Court may deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Of these factors, "it is the consideration of prejudice to

---

[6]Having considered the motion to amend, the Court disagrees with Defendants' contention that Plaintiffs' filing of the motion to amend amounts to an attempt to file a surreply to their motion to dismiss (*see* ECF No. 38 at 4).

8

the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing amendment bears the burden of showing prejudice." *DCD*, 833 F.2d at 187 (citation omitted). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis in original; citation omitted).

As to the prejudice prong, Defendants in gist argue that allowing Plaintiffs to amend to file the SAC would prejudice them because they would need to file another motion to dismiss and expend additional time, money, and resources to do so. (ECF No. 38 at 14.) For this reason, Defendants urge the Court to decide the motion to dismiss and the motion to sever—already addressed—before entertaining the motion to amend. (*Id.*)

Considering the motion to dismiss before the motion to amend is not judicially economical or efficacious. It would be inefficient for the Court to first consider a motion to dismiss the FAC where the Court may nonetheless also need to consider the SAC if consideration of the motion to dismiss does not dispose of all the claims in the FAC. Moreover, Defendants' argument that they would need to expend time, money, and resources to file another motion to dismiss is not compelling where Defendants argue that the SAC is as futile as the FAC. (ECF No. 38 at 14.) Assuming Defendants are correct would mean that they could largely transfer their arguments and authorities from the already filed motion to dismiss to any subsequent motion. Therefore, Defendants will not likely need to expend much more time or resources in essentially refiling a motion to dismiss. Further, "[a]ny challenge to the merits of the proposed [SAC] will be considered after the amended pleading is filed." *Dennis v. Ralph Lauren Corp.*, No. 16CV1056-WQH-BGS, 2017 WL 3085085, at *2 (S.D. Cal. Apr. 12, 2017) (citing *Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006)); *see also Hynix*, 2006 WL 3093812, at *2 ("In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a

///

proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

Beyond prejudice, Defendants relevantly argue—as stated above—that Plaintiffs' SAC would be futile, that Plaintiffs' motion to amend is in bad faith and is unduly delayed and additionally note that Plaintiffs have previously amended their complaint. (*See* ECF No. 38 at 4–14.) The Court considers these arguments recognizing that Plaintiffs' original complaint was not served on Defendants and that the deadline to file amendments has not passed. This, of course, is in addition to Defendants not having convincingly argued prejudice to them. The Court concludes that Defendants have not made a sufficiently strong showing of these other factors to overcome the presumption of Rule 15(a) in favor of granting leave to amend. The Court will therefore grant Plaintiffs' motion to amend.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendants' motion to sever (ECF No. 20) is denied.

It is further ordered that Defendants' motion for leave to file ECF No. 43 under seal (ECF No. 41) is granted. ECF No. 43 will remain under seal at this time.

It is further ordered that Plaintiffs' motion to amend (ECF No. 34) is granted.

It is further ordered that Defendants' motion to dismiss and the related motions (ECF Nos. 8, 35, 54) are denied as moot.

DATED THIS 8th day of June 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE